UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAPLAN GROUP INVESTMENTS,
LLC, *et al.*,

                              Plaintiffs,

-v-

A.S.A.P. LOGISTICS Ltd., *et al.*,

                              Defendants.

22-CV-7326 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    The Court has received the attached correspondence from the Turkish Ambassador to the United States, which requests that paragraph 125 of the complaint be stricken.

    Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." To prevail on a motion to strike, a movant "must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Acco, Ltd. v. Rich Kids Jeans Corp.*, No. 15 Civ. 7425 (JSR), 2016 WL 3144053, *1 (April 11, 2016) (citation omitted).

    Plaintiffs are directed to respond within 14 days, addressing whether paragraph 125 should be stricken.

    SO ORDERED.

Dated: September 16, 2022
          New York, New York

                                                      J. PAUL OETKEN
                                                      United States District Judge



*Ambassador*

Hon. J. Paul Oetken
United States District Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square  New York, New York 10007
E- mail : OetkenNYSDChambers@nysd.uscourts.gov

*Embassy of Turkey*
*Washington, D. C.*

Re:   *Kaplan Group Investments LLC et al. v. A.S.A.P. Logistics Ltd. et al.*, No. 1:22-CV-07326-JPO

Your honor,

The Complaint in the above-entitled action makes an allegation that concerns my Embassy and is of urgent concern. Specifically, the Complaint alleges in paragraph 125 that one of the defendants, "made a payment of several million dollars to the Turkish Ambassador to the United States." First and foremost, this allegation is false. While in context it may have been offered by the plaintiffs to indicate the character of one of the defendants, the end result is that it gravely offends my Embassy and me personally.

When made aware of this allegation on September 9 my counsel immediately telephoned the plaintiffs' counsel and proposed the removal of paragraph 125 from their first amended complaint. Yesterday the plaintiffs' counsel stated that the plaintiffs would not drop the allegation as the parties are quarreling over the flow of funds in the underlying transactions.

Your honor, please consider that the false allegation is ancillary to the civil dispute described in the Complaint such that proving its truth is not essential to any claim made by the plaintiffs. The continued presence of this allegation harms the dignity of my Embassy and impedes my ability to carry out my duties. Therefore, the probative value of the allegation in paragraph 125 is far outweighed by its inflammatory and prejudicial nature.

Thus, I respectfully request that this paragraph be stricken from the original Complaint that is on the public docket and any amended complaint that the Court may accept from the plaintiffs.

Since the appearance of the Complaint in the public docket it has become the subject of hurtful media speculation. The simplest and most just solution will be for paragraph 125 to be stricken. Otherwise, I will be forced to pursue all legal remedies against the originator[s] of the defamatory allegation by means far less efficient and more distractive to my duties.

Thank you for your consideration.[1]

H. Murat Mercan
Ambassador

---

[1] By communicating with the Court I expressly do not waive any immunities available to me, as an accredited diplomat of the Republic of Türkiye, and my government as a sovereign state.