

Maryam N. Hadden, Esq.
Partner
maryam.hadden@parlatorelawgroup.com
Direct: 646-846-6382

September 30, 2022

*VIA ECF*

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

**RE:** ***Kaplan Group Investments LLC et al. v. A.S.A.P. Logistics et al.*, 22-cv-07326-JPO**
       **Response to the Turkish Ambassador's Letter (ECF No. 6)**

Dear Judge Oetken:

   I represent the Plaintiffs in the above-captioned matter and write in response to this Court's September 16, 2022, Order following a communication to the Court from Turkish Ambassador H. Murat Mercan. Although not a party to the instant matter, Ambassador Mercan contacted Your Honor to protest the inclusion of paragraph 125 in the Complaint, claiming that the allegations in paragraph 125 were "ancillary to" the Plaintiffs' claims. Plaintiffs respectfully disagree.

   Paragraph 125,[i] which is based upon information and belief, initially stated that "On information and belief, at some point between selling the counterfeit PPE to KG and its associates, and representing herself as an exclusive dealer of MKE products, Cross made a payment of several million dollars to the Turkish Ambassador to the United States." After receiving the communication from Ambassador Mercan, Plaintiffs attempted to reach an agreement on acceptable language with the Ambassador's counsel, without success. Plaintiffs did, however, amend the paragraph to read that "Cross claimed that she had made" the payment in question rather than affirmatively stating that it was made.

   As detailed in both the Complaint and Amended Complaint, one of the Defendants, Deborah Cross, made repeated claims that she had a special and unique relationship with both a reputable

Licensed to practice by the States of New York and New Jersey
U.S. District Courts in New York and New Jersey, U.S. Court of Appeals for the Second Circuit

Parlatore Law Group is a nationwide cloud-based law firm. Please send all correspondence electronically.
In the event that physical mail is required please use the central mailing address below.

  
www.parlatorelawgroup.com          One World Trade Center, Suite 8500, New York, NY 10007

Turkish arms manufacturer, MKE, and with Ambassador Mercan himself.  Cross used her description of her relationship with the Ambassador to both persuade Plaintiffs of the legitimacy of her access to specialized pricing and of her reliability.  Without Cross's use of the Ambassador's name and image, Plaintiff M42 would not have entered into any business arrangement with Cross or with Cross's business entities.  Thus, while Plaintiffs sympathize with the Ambassador's representation that he was a victim of Cross whose name and image were used unwittingly, and bear the Ambassador no ill will, the allegations in the Amended Complaint accurately describe the ways in which Cross used her claimed relationship in order to defraud the Plaintiffs.

      Paragraph 125 meets the standard required to survive a Motion to Strike pursuant to Fed. R. Civ. Pro. 12(f) as set forth in *Acco, Ltd. v. Rich Kids Jeans Corp.*, No. 15 Civ. 7425 (JSR), 2016 WL 3144053, *1 (April 11, 2016) (citation omitted) and noted in Your Honor's Order.   First, there is admissible evidence in support of the allegations in that Cross made the claim verbally to more than one individual in support of her supposed relationship with the Ambassador.  Second, the allegations do have bearing on the issues in this case.  Not only did Cross herself make the Turkish Ambassador central to her own credibility as a businesswoman, but also as part of tracing the funds flow from Plaintiffs through one of the Co-Defendants, Snooz Mattress, to Cross her ability to make payments of millions of dollars to anyone is highly relevant.  An individual or company without funds would be unable to make payments of the amounts that Cross claimed to have made.  Finally, permitting the allegations to stand as plead in the Amended Complaint – that Cross claimed to have made the payment – would not result in prejudice to the movant.  The Ambassador is free to contradict Cross's claim, and indeed has already publicly denied receiving *any* improper payments from her, much less payments of millions of dollars.  The Ambassador is not a party in this matter.  Cross may have been entirely untruthful in her claims about her relationship with him,  but she made the claims nonetheless to Plaintiffs' detriment.  Accordingly, Plaintiffs ask the Court to let paragraph 125 stand in the Amended Complaint.

      I thank the Court for its time and attention to this matter, and for its patience while we attempted to reach a resolution that would have negated the need for judicial assistance.

      Respectfully submitted,

      *Maryam N. Hadden*

      Maryam N. Hadden, Esq.
      *Attorney for Plaintiff*
      Parlatore Law Group, LLP
      One World Trade Center, Suite 8500
      New York, New York 10007
      Tel: 646.846.6382 | Fax: 212.409.8972
      maryam.hadden@parlatorelawgroup.com

---

[i] The Plaintiffs filed a First Amended Complaint, with permission of the Court, to clarify the existence of diversity jurisdiction on September 29, 2022. The Amended Complaint did not alter the numbering of the paragraphs, but did amend the language of paragraph 125 to make it plain that Plaintiffs' assert on information and belief that Defendant Deborah Cross *claimed* to have paid a bribe to the Ambassador. Plaintiffs were not present for or privy to any communications or lack thereof between Cross and the Ambassador.